# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| AUBREY R. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV409-048 |
| | ) | |
| LARRY CHISOLM, IAN HEAP, | ) | |
| and RUSSELL MABREY, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Aubrey R. Williams, who is currently under criminal prosecution in state court, see *State v. Williams*, No. CR072112 (Chatham County, Ga.), filed this 42 U.S.C. § 1983 action against the Chatham County District Attorney and two assistant district attorneys ("ADAs") who were prosecuting his case. (Doc. 1 at 4-7.) The Court granted Williams leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to

conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Williams states that "he is a victim of an wrongful indictment and [is] being held unlawfully." (Doc. 1 at 4.) Specifically, he contends that (1) ADA Ian Heaps knowingly presented false evidence against him before a Chatham County grand jury, (2) he is being held without probable cause, (3) he was wrongfully arrested based upon a faulty warrant, (4) his rights to due process of law and a speedy and public trial have been violated, and (5) "he is a victim of a violent crime . . . due to bullet wounds received from kidnapping, on or about May 20th, 2007." (*Id.* at 4-7.) He seeks to be

2

compensated $5000.00 per day he has been incarcerated (since May 2007)[1]

and asks the Court to "provide outside physical therapy . . . to better treat

[his bullet-wound-related] injury, or grant [him] reasonable and affordable

---

[1] In addition to requesting damages, Williams asks that all of the charges against him be dismissed. (Doc. 1 at 8.) In seeking the dismissal of his pending state charges (and presumably his release), Williams is asserting a 28 U.S.C. § 2241 habeas claim. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus"). "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

Section 2241 provides a federal habeas remedy to a state pretrial detainee who contends that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). While § 2241 does not contain an exhaustion requirement similar to that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); see *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); see *Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000). Consequently, plaintiff is advised that he must first exhaust his state court remedies before attacking the legality of his state custody or seeking release in this Court.

3

bond pending the adjudication of this matter."² (*Id.* at 8.)

Williams states clear factual allegations only against ADA Ian Heap, who he asserts knowingly took false testimony from Agent P. Delatorre before the grand jury concerning his involvement in the charged criminality.³ (*Id.* at 4.) Prosecuting attorneys, however, are generally

---

² Additionally, Williams asks the Court to initiate a federal investigation into why Ian Heap and Russell Mabrey were removed from his case and as to the "whereabouts of currency seized on [the] day of [the] arrest of Jemond Mbwana Burke, Ferrell Wayne Hull and Chris Jerome Robbins." (Doc. 1 at 8.) Plaintiff is advised that this Court is not an investigative agency and it is his duty to prosecute his case.

³ Williams asserts that Delatorre falsely testified that Williams had possession of marijuana and cocaine and intended to distribute them. (Doc. 1 at 4.) Williams states that there is no evidence showing that he had physical or constructive possession of any of that contraband and that police surveillance of him was suspect. (*Id.* at 4-5.) Later in his complaint, he insists that deficiencies in the arrest warrant should hinder any "information obtained thereunder ... not admissible." (*Id.* at 6.)

Williams is attempting to challenge the authenticity and admissibility of the evidence underlying his present state court criminal prosecution. Any decision by this Court on those matters could substantially interfere with, and potentially undermine, the results reached in the state court proceeding. In such cases, it is the common practice of federal courts to stay the federal proceeding until the criminal case has ended. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) ("if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings"); *see also Younger v. Harris*, 401 U.S. 37, 41 (1971) (holding that absent a "great and immediate" danger of irreparable harm, federal courts may not grant injunctive relief where the result would undermine or unduly interfere with a concurrent state court proceeding); *Gilbertson v. Albright*, 381 F.3d 965, 979 n.13 (9th Cir. 2004) (noting that every circuit that has addressed the issue, aside from the Fifth Circuit, has recognized that *Younger* principles apply "in some fashion" to damages actions); *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (ordering district court pursuant to *Younger* to abstain

absolutely immune from suit under § 1983 when functioning as advocates for the state. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Guzman-Rivera v. Rivera-Cruz*, 55 F.3d 26, 29 (1st Cir. 1995) ("Absolute immunity protects the prosecutor's role as advocate for the State."). Indeed, this immunity "extend[s] to the knowing use of false testimony before the grand jury." *Burns v. Reed*, 500 U.S. 478, 485 (1991) (citing *Imbler*, 424 U.S. at 421-24, 426, and n.23); *id.* at n.6 ("There is widespread agreement among the Courts of Appeals that prosecutors are absolutely immune from liability under § 1983 for their conduct before grand juries.") Accordingly, Williams's claims against Heap fails as a matter of law.[4]

Plaintiff also names Chatham County District Attorney Larry Chisholm and ADA Russell Mabrey as defendants. (Doc. 1 at 1.) He makes no factual allegations against either defendant, other than speculating that Mabrey was "removed from [his] position[] as Assistant District Attorney[]

---

from resolving merits of petitioner's claims until state conviction reviewed by Georgia Court of Appeals). The Court need not address the issue further, however, because Williams has failed to state a claim for relief against any of the named defendants.

[4] Moreover, to the extent Williams asserts a claim of malicious prosecution, his claim has not yet accrued, since the prosecution has not terminated in his favor. *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003); *see Heck*, 512 U.S. at 484 (discussing common-law elements of malicious prosecution).

due to acts of malicious prosecution." (*Id.* at 5.) Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (quoting Rule 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Williams's complaint does not describe any wrongdoing on the part of either Chisholm or Mabrey. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269-70 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, for the proposition that "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level'"). Consequently, plaintiff has failed to provide fair notice of the nature of his claim against these defendants, so they are subject to dismissal.[5]

---

[5] To the extent the allegations against Chisholm are based solely on his position as the official charged with overall supervision of the district attorney's office, his claim must fail. Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, the plaintiff must demonstrate either that the defendant directly participated in the alleged constitutional deprivations or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivations. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988). Plaintiff has not demonstrated any causal connection between his claims and Larry Chisholm, who

Finally, while Williams conclusorily alleges that that he was falsely arrested and imprisoned and denied a speedy trial, he does not name the actual officers who detained him or describe the events that gave rise to the violations.[6] He also failed to name the person or people who are responsible for the alleged denial of medical care regarding his request for physical therapy.[7] As to all of these claims, he simply has failed to state a claim for

---

cannot be liable under § 1983 simply because he employed an alleged tortfeasor. *Monell*, 436 U.S. at 691.

[6] False arrest and imprisonment are likely not viable claims, as Williams admits he was arrested pursuant to a warrant. His claim would therefore be one for malicious prosecution. *See Wallace*, 549 U.S. at 388-89 ("the allegations before us arise from respondents' detention of petitioner without legal process . . . . They did not have a warrant for his arrest."). As noted above, a claim of malicious prosecution fails at this point in the litigation since the prosecution has not yet terminated in Williams's favor.

[7] Moreover, his denial of medical care claim is so far enough removed from his claim of wrongful prosecution that it is subject to dismissal. Williams provides the Court with no narrative linking his various claims. "A cause of action consists of a single core of operative facts which gives a plaintiff the right to seek redress for the wrong concerned." *Tice v. Am. Airlines, Inc.*, 959 F. Supp. 928, 934 (N.D. Ill. 1997), *rev'd on other grounds*, 162 F.3d 966 (1998); 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2034 (2d ed. 1994). No such core connectivity exists here to carry this "rump" claim.

Too, allowing plaintiff to bring unrelated claims in a single suit would undermine the objectives of the PLRA. Under the PLRA, each complaint requires a fee payment, and "if a prisoner files more than three frivolous complaints," the PLRA presents a "bar against future litigation." *Schipull v. Dretke*, 2006 WL 2844192, at *1 (S.D. Tex. Sept. 29, 2006) (unpublished). Filing multiple unrelated claims in one complaint offers a way around both the fee payment and the three-strike bar. Plaintiffs, therefore, may not "circumvent the PLRA's objectives of deterring frivolous prisoner complaints" by

relief.

For all of the reasons explained above, Williams has not stated a claim for relief, so his case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  11th  day of May, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

presenting unrelated claims in one action. *Id.*